

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2005

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4679

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Smith" (2005). *2005 Decisions.* Paper 1425.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1425

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4679
_____

UNITED STATES OF AMERICA

v.

TYLER SMITH,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00164-1)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2004

Before:  ALITO, AMBRO and FISHER, *Circuit Judges*.

(Filed: March 29, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

In his brief, appellant waives any challenge to his conviction, instead asking that

we remand for clarification as to whether the District Court's denial of a downward

departure was based on an exercise of discretion.  However, the record, including the

prosecutor's concessions that departure would be lawful, make it clear that the District Court understood its authority and simply exercised its discretion not to depart when stating that a departure was "not warranted." We therefore lack appellate jurisdiction over this portion of the appeal. See United States v. Denardi, 892 F.2d 269 (3d Cir. 1989).

We note that appellant also filed a post-briefing motion regarding other sentencing issues arising from Blakely v. Washington, 124 S. Ct. 2531 (2004). Having determined that these other sentencing issues are best determined by the District Court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with United States v. Booker, 125 S. Ct. 738 (2005).